UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN GARCIA,<br><br>                Plaintiff,<br><br>    v.<br><br>PSI ENVIRONMENTAL SYSTEMS, a California corporation, and WASTE CONNECTIONS, INC., a California corporation,<br><br>                Defendants. | Case No. 1:10-cv-055-EJL-CWD<br><br>**MEMORANDUM ORDER** |

      Before the Court is Plaintiff Juan Garcia's Motion to Compel, filed on April 19, 2011. (Dkt. 40.) The Court ordered an expedited briefing schedule, and the matter is now ripe for review. Finding that the memoranda adequately set forth the parties' arguments, the Court will consider the matter solely upon the written submissions. Dist. Idaho L. Rule 7.1(d). After carefully reviewing the parties' submissions, the Court will grant Plaintiff's motion.

**ORDER - 1**

# DISPOSITION

Plaintiff filed his complaint against his former employers, PSI Environmental Systsems and its parent company, Waste Connections, Inc. (collectively, "Defendants" or "PSI") on February 3, 2010, alleging discrimination based upon race and national origin. Plaintiff, a Hispanic American, worked as a mechanic for PSI from October 12, 2005, until December 14, 2007. He claims that, while he worked for PSI, he was paid less than other mechanics who were not of Hispanic descent. Plaintiff asserts that his requested raise was denied, but that soon thereafter Defendants advertised for and hired mechanics of non-Hispanic descent to replace Plaintiff at significantly higher hourly wages. PSI claims that wage decisions were based upon legitimate business reasons, and denies Plaintiff's claims. Specifically, Defendants assert that, after a fatal accident in 2007, Defendants decided they needed to hire mechanics at a higher wage.

During discovery, Defendants' witnesses have testified that payroll decisions were based, in part, upon budgetary considerations. Defendants' representative explained that hiring budgets were broken up into different departments, and a certain amount of money was allocated to the line item representing labor for the maintenance department. (Pl. Mem., Ex. 1, Allen Depo. at 85, Dkt. 41-1.) Plaintiff requested production of the annual budgets for the years 2006 through 2010, because Plaintiff wants to determine if the budget increased to account for the higher wages paid to the mechanics hired after Plaintiff terminated his employment. Defendants have refused to produce those documents, arguing that the information is not relevant because the annual budgets do not

ORDER - 2

contain information as to individual pay rates or the underlying reasons for individual pay differentials. (Def. Mem. at 2, Dkt. 43.) Defendants contend also that there was little discretion within the confines of the budget to determine individual employees' starting wages. (*Id.* at 3.)

Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if the evidence has any tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." Fed. R. Evid. 401. Although parties are not given unfettered license to obtain all information, no matter how tangentially relevant it might be, Rule 26(b)(1) is construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Oppenheimer Fund, Ind. v. Sanders*, 437 U.S. 340, 350 (1978).

In the instant case, the budget information certainly could have some bearing upon Plaintiff's claims of discrimination. Plaintiff asserts that he was paid $13.72 per hour, but shortly after he left his employment, PSI advertised to hire mechanics at $18.00 to $21.00 per hour, roughly 40% more than Plaintiff's hourly rate, and three mechanics were hired in or about December of 2007 at those wage rates. The Court agrees with Plaintiff that, whether the overall budget increased after Plaintiff's departure to accommodate the

ORDER - 3

increased wages, or whether it stayed at the same level, may be relevant to Plaintiff's claims. Presumably, if the overall budget increased, it may provide support for Defendants' claims that business reasons prompted the increase in wage rates. Conversely, if the budget did not increase, it may support Plaintiff's contention that any business reason was pretextual, and that PSI had the funds all along to pay Plaintiff a higher wage.

Plaintiff requests that the Court order Defendants to reimburse his reasonable expenses, including attorneys fees, incurred by filing the motion under Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) states the Court "must" require Defendants to pay Plaintiff's reasonable expenses incurred in making the motion, including attorney fees, unless the Court finds applicable one of the three identified exceptions at subsections (i) to (iii). *See Stokes v. Life Ins. of N. Am.*, 2008 WL 2704564 *2 (D. Idaho July 3, 2008). The parties did not brief whether one of the exceptions enumerated in Rule 37(a)(5)(A) might apply here. Accordingly, the Court will give the parties an opportunity to address whether fees and costs should be awarded, and in what amount. Plaintiff is directed to file a brief, including an affidavit setting forth its attorney fees incurred with filing the motion to compel, on or before May 20, 2011. Any response must be filed on or before June 2, 2011. Upon submission of the response, the Court will deem the matter under advisement.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion to Compel (Dkt. No. 40) is **GRANTED**.



DATED: May 10, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge