UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JUAN GARCIA,<br><br>                Plaintiff,<br>    v.<br><br>PSI ENVIRONMENTAL SYSTEMS, a California Corporation, and WASTE CONNECTIONS, INC., a California Corporation,<br><br>                Defendants. | Case No. 1:10-cv-00055-EJL<br><br>**MEMORANDUM CLARIFYING RULING ON PLAINTIFF'S MOTION IN LIMINE NO. 3** |

### INTRODUCTION

The Court issues this memorandum to clarify its earlier order on plaintiff's Motion in Limine No. 3. *See* Dkt. 79, at 7-9. In that motion, plaintiff sought to introduce evidence relevant to the "single-employer" test. The Court concludes that the joint-employer test is applicable to determine liability of the two defendants in this case.

### DISCUSSION

There are two defendants in this case: Waste Connections, Inc. (WCI) and PSI Environmental Systems. WCI is PSI's parent corporation. Defendants argue that WCI is not liable as an "employer" because it did not control the terms and conditions of Garcia's

**MEMORANDUM -**

employment.  Garcia disputes this contention, but, even more basically, the parties dispute the legal test applicable to determine whether WCI is Garcia's employer.  Garcia urges the Court to apply the single-employer test, while defendants contend that the joint-employer test applies.

Defendants have the better argument.  The Ninth Circuit has expressly held that the single-employer test does not determine joint liability in the Title VII context.  *See Anderson v. Pac. Mar. Ass'n*, 336 F.3d 924, 928 (9th Cir. 2003) ("The test does not determine joint liability as the parties suggest, but instead determines whether a defendant can meet the statutory criteria of an "employer" for Title VII applicability.").  Rather, the single-employer test becomes relevant only when there is a question as to whether a defendant can meet the statutory criteria of an "employer" for Title VII applicability.  *Id*.  That is not an issue here, as PSI admits it has more than 15 employees.  Thus, the single-employer test is inapplicable.

The appropriate test for determining whether Garcia is also an employee of WCI is the joint-employer test, or the "economic realities" test.  *See Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 945 (9th Cir. 2010); *Drottz v. Park Electrochemical Corp.*, 2012 WL 1344729 (D. Ariz. Apr. 18, 2012).  The following factors, among others, may be relevant here:  (1) whether WCI had the power to hire and fire employees; (2) whether WCI supervised and controlled employee work schedules or conditions of employment; (3) whether WCI determined the rate and method of payment; (4) whether WCI maintained employment records; (5) whether WCI had the power to discipline

**MEMORANDUM -**

employees; and (6) whether WCI supervised employees' worksites.  *See Buttars v. Creekside Home Health, Inc.*, 2008 WL 4411414, at *1-2 (D. Idaho Sept. 25, 2008).

DATED: **June 25, 2012**

_____
Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM -**